PRESENTACIÓN PAZ VDA. DE BARLETTA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 869.—*Sometido:* Julio 5, 1932. *Resuelto:* Julio 22, 1932.

*Oscar Souffront,* abogado de la recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sociedad civil regular colectiva Sucesores de Bianchi fué disuelta por escritura pública otorgada el año 1925 sin que fuera nombrada persona alguna para su liquidación. Todas las personas que formaron esa sociedad otorgaron escritura pública en 1930 por la que vendieron a Presentación Paz Vda. de Barletta una casa terrera que está inscrita en el registro de la propiedad a nombre de dicha sociedad, por precio que confesaron haber recibido antes de la disolución. Esas escrituras fueron presentadas en el registro de la propiedad para la inscripción de la venta pero el registrador la negó por lo siguiente: "Porque de ambos documentos aparece que la mencionada sociedad fué disuelta y extinguida en el año 1925 para todos sus efectos legales, y por el primero de los mismos, los socios que la componían, que son personas distintas de dicha sociedad, después de cinco años de extinguida la reviven y asumiendo su antiguo carácter, venden por palabra de presente una finca urbana inscrita aún en este registro a nombre de dicha sociedad, acto que estaban impedidos de realizar por carecer de capacidad y facultades para contratar a nombre de dicha sociedad y estar la finca inscrita en el registro de la propiedad a nombre de persona distinta de los otorgantes, como antes se dice, por lo cual la venta a que se contrae el documento denegado carece de eficacia legal, no obstante la frase que aparece en el mismo de que el importe de la venta fué recibido antes de la disolución de la predicha sociedad, lo que está en contradicción con la venta de presente antes aludida." Contra esta negativa interpuso la compradora el presente recurso.

872

■ ■ ■ La disolución de una sociedad es su extinción, su muerte civil o mercantil, según sea su naturaleza. Una sociedad disuelta no tiene vida como tal sociedad y por esto los socios que la formaron no pueden actuar en nombre de ella y carecen de capacidad legal para enajenar a nombre de tal sociedad disuelta bienes a ella pertenecientes. Es cierto que el artículo 229 del Código de Comercio aplicable a este caso por disposición del artículo 1572 del Código Civil, dispone que cuando al ser disueltas las sociedades colectivas o en comandita no se hubiere nombrado liquidador quedarán encargadas de su liquidación los que hubiesen tenido la administración del caudal social, si no hay contradicción por parte de los socios, pero ese precepto no es aplicable al caso presente porque la venta que motiva este recurso ha sido hecha por los que formaron la sociedad y en nombre de la misma después de estar disuelta, sin que le dé validez el hecho de que en la escritura se diga que el precio de la enajenación fué recibido antes de ser disuelta la sociedad, porque no altera la incapacidad en que después de disuelta estaban los que fueron socios para otorgar documentos de traspaso en nombre de la sociedad disuelta.

*La resolución recurrida debe ser confirmada.*